# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |
|---|---|
| **WYATT J. DUNCAN**, *et al.*, | \* |
| Plaintiffs, | \* |
| v. | Case No.: PWG-17-3506 |
| **U.S. BANK NATIONAL ASSOCIATION**, *et al.*, | \* |
| Defendants. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiffs Wyatt Duncan and Tykecia McCormick-Duncan filed a class action suit in the Circuit Court of Maryland for Prince George's County for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Maryland Collection Agency Licensing Act ("MCALA"), Md. Code Ann., Bus. Reg. §§ 7-101 – 7-502; Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law §§ 14-201 – 14-204; and Maryland Consumer Protection Act ("MCPA"), Com. Law §§ 13-101 – 13-411, as well as for unjust enrichment, a declaratory judgment, and injunctive and ancillary relief. Compl., ECF No. 2. Plaintiffs sent a copy of the Complaint and Summons to Defendants U.S. Bank National Association ("U.S. Bank"), BWW Law Group, LLC ("BWW Law Group"), and Fawn Way Builders, LLC ("Fawn Way Builders") by certified mail, return receipt requested. Pls.' Mem. 3, ECF No. 19-1. They did not, however, request restricted delivery, *see id.*, as required by the Maryland Rules, *see* Md. Rule 2-121(a)(3).

U.S. Bank and BWW Law Group received the Complaint and their respective Summons on October 20, 2017 and Fawn Way Builders received its copy of the Complaint and Summons on October 24, 2017. *Id.* On November 27, 2017, U.S. Bank removed the case to this Court on the basis of federal question jurisdiction.[1] Not. of Removal, ECF No. 1. Plaintiffs filed a Motion to Remand, arguing that removal was untimely and U.S. Bank lacked the consent of the other Defendants. Pls.' Mot. to Rem., ECF No. 19.[2] Because no Defendant was properly served, U.S. Bank's removal was timely, as the 30-day period for removal never began, and it did not require the consent of BWW Law Group or Fawn Way Builders. As such, this matter was properly removed and Plaintiffs' Motion to Remand and request for costs and fees is denied.

**Discussion**

When a defendant removes a case from state court, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). The "defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999); *see also Steverson v. HSBC Auto Finance, Inc.*, No. DKC-10-3119, 2011 WL 1103164, at *3 (D. Md. Mar. 23, 2011) (same).

Under the laws of Maryland, where Plaintiffs filed suit, corporations such as U.S. Bank,

---

[1] Although Defendants asserted diversity jurisdiction in the Notice of Removal, Defendants have conceded that the parties are not diverse, and the reason for removal was based solely on federal question jurisdiction. Defs.' Opp'n 2, ECF No. 20-1.
[2] The parties fully briefed the motion. ECF Nos. 19-1, 20, 20-1, 21. A hearing is not necessary. *See* Loc. R. 105.6.

BWW Law Group, and Fawn Way Builders may be served "in person, by mail, or, in some circumstances, through substituted service upon the State Department of Assessments and Taxation ('SDAT')." *Varieur v. BIS Global*, No. PX-16-3111, 2017 WL 1133708, at *2 (D. Md. Mar. 27, 2017) (citing Md. Rule 2-121(a), 2-124(d), 2-124(o)); *Steverson*, 2011 WL 1103164, at *4. When a plaintiff effects service by mail, he or she may do so "by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: 'Restricted Delivery—show to whom, date, address of delivery.'" Md. Rule 2-121(a)(3).[3]

The parties do not dispute that Defendants received actual notice when Plaintiffs mailed the Complaint and Summons by certified mail, return receipt requested to each Defendant. Pls.' Mem. 3; Defs.' Opp'n 4–5. Plaintiffs believe this to have been adequate service and because U.S. Bank filed its Notice of Removal thirty-seven days after it received the Complaint and Summons, Plaintiffs believe U.S. Bank's Notice of Removal was untimely. Pls.' Mem. 2–3. Defendants argue that, because Plaintiffs sent the Complaint and Summons without requesting

---

[3] Maryland Rule 2-124(d), governing service on corporations, provides:

> Service is made upon a corporation, incorporated association, or joint stock company by serving its resident agent, president, secretary, or treasurer. If the corporation, incorporated association, or joint stock company has no resident agent or if a good faith attempt to serve the resident agent, president, secretary, or treasurer has failed, service may be made by serving the manager, any director, vice president, assistant secretary, assistant treasurer, or other person expressly or impliedly authorized to receive service of process.

Md. Rule 2-124(d). Plaintiffs argue that Maryland Rule 2-121 and 2-124 operate independently of each other. Pls.' Reply 2–3. Plaintiffs attempt to argue that all that is required under Rule 2-124(d) is simply to serve a corporation's resident agent. *Id.* at 3. This is an incorrect interpretation. Plaintiffs must comply with both rules, as Maryland Rule 2-124 states upon whom service must be effected, while Rule 2-121 defines the ways in which *in personam* service actually is effected. *See Varieur*, 2017 WL 1133708, at *2; *Steverson*, 2011 WL 1103164, at *4.

Restricted Delivery, they were not formally served and the clock for removal was not triggered. Defs.' Opp'n 4–5.

Maryland construes its service rules strictly, and actual notice has been deemed insufficient to overcome less than strict compliance with the Maryland Rules when sending the complaint and summons by mail. *Samuels v. Two Farms, Inc.*, No. DKC-10-2480, 2010 WL 4103670, at *2 (D. Md. Oct. 18, 2010) ("Maryland courts seem to take a strict, narrow approach to service; they treat 'defective service of process [as] a jurisdictional defect and actual knowledge of the proceedings on the part of the defendant will not cure that defect.'") (quoting *Lohman v. Lohman,* 626 A.2d 384, 392 (Md. 1993)); *Brown v. Am. Insts. for Research,* 487 F. Supp. 2d 613, 617 (D. Md. 2007) ("Plaintiff's repeated attempts at service by certified mail were invalid for failure to comply with the restricted delivery requirements of Maryland Rule 2–121(a)(3)."). Specifically, when Restricted Delivery is not requested, the 30-day period for a defendant to remove is not triggered because he or she has not been formally served, and therefore, the defendant's removal cannot be untimely. *See Steverson*, 2011 WL 1103164, at *4; *Samuels*, 2010 WL 4103670, at *2; *Gibbs v. Bank of Am.*, No. GJH-16-2855, 2017 WL 1214408, at *14 (D. Md. Mar. 31, 2017); *see also Sanders v. Callender*, No. DKC-17-1721, 2018 WL 337756, at *10 (D. Md. Jan. 9, 2018); *Moore v. Svehlak*, No. ELH-12-2727, 2013 WL 3683838, at *15 n.12 (D. Md. July 11, 2013) (sending the complaint and summons by certified mail without requesting restricted delivery was ineffective; service actually was received by another business).

By their own acknowledgement, Plaintiffs did not comply with the Maryland Rules for service. *See* Pls.' Mem. 2–3 ("Original of the Summons issued by the Clerk of the Circuit Court on October 13, 2017, together with copies of the Complaint and Maryland Civil Non-Domestic

Case Information Report (collectively "service package") were mailed by certified mail, return receipt requested, to each of the Defendants on October 18, 2017."). As such, none of the Defendants was formally served. *See Varieur*, 2017 WL 1133708, at *2; *Steverson*, 2011 WL 1103164, at *4. Therefore, the 30-day removal period was never triggered, and Defendant U.S. Bank's Notice of Removal was timely. *See Murphy Bros., Inc.*, 526 U.S. at 347–48; *Steverson*, 2011 WL 1103164, at *4; *Samuels*, 2010 WL 4103670, at *2.

Plaintiffs also argue that U.S. Bank's removal of this action was deficient because it did not receive consent of its codefendants when it removed to this Court. Pls.' Mem. 5–6. "When a civil action is removed solely under section 1441(a), all defendants who have been *properly joined and served* must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *see also Moore*, 2013 WL 3683838, at *15; *Alston v. Wells Fargo Bank*, *Nat'l Assoc.*, No. TDC-17-1085, 2017 WL 2839629, at *2 (D. Md. June 29, 2017). Because Plaintiffs did not properly serve any defendant, U.S. Bank was not required to receive consent from BWW Law Group or Fawn Way Builders when it removed to this Court. *See Moore*, 2013 WL 3683838, at *15 & n.12 (holding that the Holderness Defendants were not required to have consented to the initial removal notice because Plaintiff had failed to send the complaint and service requesting restricted delivery, and therefore, the Holderness Defendants were not formally served when it was filed) (citing *Trademark Remodeling, Inc. v. Rhines*, 853 F. Supp. 2d 532 (D. Md. 2012)).

As I have found Defendants' removal of this case proper, awarding costs and fees to Plaintiffs would be improper, and that request is denied. *Flora v. Everest Wealth Mgmt., Inc.*, No. ELH-17-1621, 2017 WL 4280744, at *7 (D. Md. Sept. 26, 2017) (declining to award fees

because "Defendants' removal of the case was 'objectively reasonable' and wholly proper") (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).

## **Conclusion**

Accordingly, it is hereby ORDERED that Plaintiffs' Motion to Remand, ECF No. 19, IS DENIED.  In December 2017, Defendants filed requests seeking permission to file a motion to dismiss, ECF Nos. 7–9.  I will schedule a telephone conference call to discuss these motions.  If Defendants still intend to file motions to dismiss, they will be done so as a consolidated motion, and a briefing schedule will be set on the conference call.


Dated: May 11, 2018                                          /S/
                                                       Paul W. Grimm
                                                       United States District Judge

jml